692 S.E.2d 509

**In the Matter of James L. FOTI, Respondent.**

**No. 26790.**

Supreme Court of South Carolina.

Submitted Jan. 25, 2010.

Decided March 22, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and William C. Campbell, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James L. Foti, Pro Se, of North Charleston.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a confidential admonition or a public reprimand. We accept the Agreement and issue a public reprimand. The facts, as set forth in the Agreement, are as follows.

### *Facts*

Respondent failed to complete and report the required Continuing Legal Education hours for the 2008 reporting year. He was administratively suspended by the Commission

on Continuing Legal Education on April 2, 2009. *See* Rule 419(c), SCACR. On or about April 9, 2009, a CLE report was filed with the Commission on respondent's behalf. Respondent resumed the practice of law on April 14, 2009. However, on April 29, 2009, respondent read an email notice from the Commission, which had been sent some days earlier, informing him that he had not completed the required number of CLE hours. Respondent did not complete and submit the required number of CLE hours until April 29, 2009. Respondent conducted at least twenty-two real estate closings from April 14, 2009 through April 29, 2009, while he was administratively suspended from the practice of law. Respondent was reinstated on April 30, 2009.

We note that in 2006 and 2008, respondent was placed on administrative suspension pursuant to Rule 419, SCACR, for failing to comply with CLE requirements.

### *Law*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.5(a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction or assist another in doing so."); Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent further admits his misconduct constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct).

### *Conclusion*

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall, within thirty days of the date of this order, pay $5.71, which represents the costs incurred by the Office of Disciplinary

Counsel and the Commission on Lawyer Conduct in the investigation and prosecution of this matter.

**PUBLIC REPRIMAND.**